O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV10-01498-VAP(RZx)                            Date:  October 20, 2010

Title:          WELLS FARGO BANK N.A. -v- DANIEL GONZALES, et al.
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                         None Present
    Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                                           DEFENDANTS:

    None                                                         None

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On April 16, 2010, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Daniel Gonzales, Maria Gonzales, and Miguel Muniz (collectively, "Defendants") in the superior court for the County of San Bernardino.  On October 1, 2010, Defendants removed the action to this Court on the basis of federal question jurisdiction.  (<u>See</u> Not. of Removal at 2-3.)  The Court remands the case to superior court because Defendants' removal was untimely and the Court lacks jurisdiction.

    First, Defendants' removal to this Court is untimely.  28 U.S.C. § 1446 provides the procedural requirements for removing a case from state court to the United

EDCV 10-01498 VAP (RZx)
WELLS FARGO BANK, N.A. v. DANIEL GONZALES, et al.
MINUTE ORDER of October 20, 2010

States District Court.  The statute requires a defendant to file a notice of removal of a civil action within 30 days after the receipt of the complaint.  28 U.S.C. § 1446(b).  The time limit under 28 U.S.C. § 1446(b) is mandatory.  See Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980).

Here, Plaintiff filed the Complaint on April 16, 2010, and filed proofs of service as to Daniel and Maria Gonzalez on May 6, 2010.  Thus, Defendants' removal on October 1, 2010 was untimely.  Defendants provide no explanation regarding why they failed remove this action within the 30-day period required under the statute.

Furthermore, Defendants have not met their burden of demonstrating the Court's jurisdiction over this action.  Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, and "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Defendants allege removal is proper on the basis of federal question jurisdiction, alleging the Plaintiff's claims involve the Federal Fair Debt Collection Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), Generally Accepted Accounting Principles ("GAAP"), and the Universal Commercial Code ("UCC").  (See Not. of Removal at 2.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendants have not demonstrate the Court may exercise jurisdiction on the basis of federal question, 28 U.S.C. § 1331.

EDCV 10-01498 VAP (RZx)
WELLS FARGO BANK, N.A. v. DANIEL GONZALES, et al.
MINUTE ORDER of October 20, 2010

      The Court also finds no basis for diversity jurisdiction because Plaintiff filed this action as a "limited civil case" with damages of no more than $10,000.  Thus, this case cannot meet the statutory amount-in-controversy requirement for diversity jurisdiction.  See 28 U.S.C. § 1332.

      For the foregoing reasons, Defendants have not met their burden of establishing that the case is properly in federal court.  See Gaus, 980 F.2d at 566.  Thus, the Court REMANDS the action to the Superior Court for the County of San Bernardino.

      **IT IS SO ORDERED.**